# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2487 | **DATE** | 7/17/2000 |
| **CASE TITLE** | Roberta Kramarski vs. Village of Orland Park, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 8 Aug. 00 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion to dismiss is granted in part and denied in part; and plaintiff's motion to disqualify defendants' attorneys is denied without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 1 8 2000 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 16 |
| | Mail AO 450 form. | SB, docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAP | courtroom deputy's initials | 00 JUL 17 PM 4:00 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

FILED
JUL 17 2000
Judge Harry D. Leinenweber
U.S. District Court

DOCKETED
JUL 18 2000

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERTA KRAMARSKI,

        Plaintiff,

v.

VILLAGE OF ORLAND PARK and
CHIEF OF POLICE TIMOTHY
McCARTHY, in his official
capacity,

        Defendants.

Case No. 00 C 2487

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiff Roberta Kramarski ("Kramarski"), a former police officer with the Village of Orland Park Police Department, brings this action against the Village of Orland Park and its Chief of Police, Timothy McCarthy, in his official capacity, for sex discrimination pursuant to Title VII, 42 U.S.C. § 2000e-1, et. seq.; for disability discrimination pursuant to the Americans with Disabilities Act ("the ADA"); 42 U.S.C. § 12101, et. seq.; for constitutional violations pursuant to 42 U.S.C. § 1983; and for violations of state law. Before the Court are two motions: Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and Plaintiff's motion to disqualify defendants' counsel.

## DISCUSSION

The following facts are taken from Kramarski's Complaint, which, at this stage of the litigation, the Court takes as true.

16

*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Roberta Kramarski was employed as a police officer with the Village of Orland Park from May 1996 to December 1999. During that time, Kramarski was subjected to discriminatory and retaliatory conduct on the basis of her sex and disability, of which the Village of Orland Park was aware but did not remedy. Specifically, Kramarski details abuse at the hands of two Field Training Officers from 1996 through 1997 who insulted her, made lewd and demeaning comments about female officers, and refused to adequately train her. Kramarski complained about her treatment in either 1996 or 1997 (*compare* Cplt. ¶ 20 with ¶ 45), but Kramarski's complaints were not addressed. Instead, she was told by the Deputy Chief that as a result of her complaint, she should not expect "back up" from fellow police officers. Thereafter, she continued to receive discriminatory treatment, such as receiving lower evaluations than similarly situated male officers, receiving disciplinary actions for conduct that similarly situated male officers got away with, and not receiving sufficient back-up support in dangerous situations.

On November 11, 1998, Kramarski applied for an open position with the Orland Park Police Department's Special Response Team. She was told by another police officer, however, that she would not receive the position because she did not have breast implants.

Another female officer, with lesser qualifications but with breast implants, ultimately received the position.

In October 1996, Kramarski was injured during a self-defense training class. In 1998, Kramarski filed an Application for Adjustment in the Illinois Industrial Commission claiming compensation for the injuries. The Police Department, however, retaliated against Kramarski for filing the workers compensation claim. When Kramarski underwent surgery for her injuries in January of 1999 and was told by her doctor not to work the midnight shift, she was ordered to work. That same month, the Deputy Chief attempted to interrogate Kramarski regarding her workers compensation claim but when Kramarski refused to answer without her attorney, she was disciplined and suspended. Ultimately, she was terminated in December 1999.

Kramarski's Complaint alleges eight separate counts: Count I for sexual discrimination pursuant to 42 U.S.C. § 2000(e) *et. seq.*; Count II for retaliation as a result of lodging complaints about her discriminatory treatment; Count III for wrongful termination pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12111 *et. seq.*; Count IV against both Chief McCarthy and the Village of Orland Park pursuant to 42 U.S.C. § 1983 for violation of the right to Equal Protection; Count V against both Chief McCarthy and Village of Orland Park pursuant to § 1983 for violation of Kramarski's First Amendment rights; Count VI against both Chief

McCarthy and the Village of Orland Park pursuant to § 1983 for violation of Kramarski's Due Process rights; Count VII against both Chief McCarthy and Orland Park for intentional infliction of emotional distress; and Count VIII against both Chief McCarthy and Orland Park for retaliatory discharge for filing a workers compensation claim.

## DISCUSSION

The Court will first address defendants' motion to dismiss. A court will dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Of course, if the Complaint alleges facts that show the plaintiff is not entitled to judgment, then the plaintiff has pled herself out of court and dismissal will be appropriate. *See Early v. Bankers Life & Casualty Co.*, 959 F.2d 75, 79 (7th Cir. 1992).

### Statute of Limitations

The defendants first seek to dismiss certain portions of Kramarski's Complaint for untimeliness. The Court agrees that certain allegations are time-barred. Under Title VII and the ADA, a claimant must bring a charge before the EEOC within 300 days of the occurrence of a discriminatory action. *See* 42 U.S.C. § 2000e-5(e) and § 12117(a) (adopting for purposes of the ADA the limitations period set forth for Title VII claims). Acts not

charged within this time frame are ordinarily barred and cannot be considered by the court. *See, e.g., Galloway v. General Motors Service Parts Operations*, 78 F.3d 1164, 1166 (7th Cir. 1996).

In this case, Kramarski filed a charge with the EEOC and Illinois Department of Human Rights setting forth her discrimination claims on June 7, 1999. However, Kramarski alleges discriminatory conduct going back to 1996, three years prior to the filing of the charge and clearly outside of the limitations period.

Acknowledging the limitations problem, Kramarski contends that all of the alleged conduct was part of a continuing pattern and practice of discrimination, and, therefore, subject to equitable tolling. But the continuing violation doctrine cannot be applied in this instance. The continuing violation doctrine permits consideration of conduct otherwise barred by the limitation period only if (1) such conduct is part of a continuing pattern of discrimination, and (2) the conduct, at the time it occurred, did not afford the victim a reasonable basis for bringing suit. *See Galloway*, 78 F.3d at 1166; *Hardin v. S.C. Johnson & Sons, Inc.*, 167 F.3d 340, 344 (7th Cir. 1999). Here, the face of the Complaint makes clear that Kramarski herself complained about discriminatory behavior either in 1996 or 1997. Therefore, it is apparent that Kramarski had reasonable notice of potential discrimination claims at least two years, if not three years, prior to the filing of the EEOC charge. Certainly evidence of subjective belief on the part

of the plaintiff that she was a victim of harassment negates the need for equitable tolling. See *Hardin*, 167 F.3d at 345. Therefore Kramarski's Title VII claim must stand or fall on conduct occurring after September 10, 1998.

As to her ADA claim, however, Kramarski only seeks remedy for wrongful termination, which occurred in December 1999, some months after she filed her charge. Since defendants do not take issue with whether or not the termination claim falls within the claims alleged in the original charge, no basis exists to dismiss the ADA claim as untimely.

In Counts IV, V, and VI of the Complaint, Kramarski alleges violations of her constitutional rights pursuant to 42 U.S.C. § 1983 based on the same discriminatory conduct alleged in support of Kramarski's Title VII claim. As such, some of the conduct alleged cannot form the basis of her § 1983 claim because they too fall outside of the limitation period. The statute of limitations for § 1983 claims is the statute of limitations for personal injury actions, which, in Illinois, is two years from the date of the filing of the complaint. See *Smith v. City of Chicago Heights*, 951 F.2d 834, 839 (7th Cir. 1992); 735 ILCS 5/13-202. The limitation period begins to run on the date the plaintiff discovered or should have discovered that her statutory or constitutional rights were violated. See *Wilson v. Giesen*, 956 F.2d 738, 744 (7th Cir. 1992); see also, *Carpenter v. City of Northlake*, 948 F. Supp. 759, 763

(N.D. Ill. 1996)(citing *Galloway* and noting that the same reasonable notice exception to the continuing violation doctrine should apply to § 1983 claims).

Here, Kramarski's Complaint was filed on April 25, 2000. As discussed with respect to Kramarski's Title VII claims, Kramarski herself complained of discriminatory treatment to officials at the latest in 1997, three years prior to the filing of the Complaint. It is reasonable to conclude, then, that Kramarski discovered or should have discovered the basis for her § 1983 claims back in 1997. As such, Kramarski cannot rely upon allegations of conduct that occurred prior to April 25, 1998 to substantiate her § 1983 claims.

Kramarski faces an even shorter limitations period with respect to her claim for intentional infliction of emotional distress. The limitations period for a state law tort claim against an Illinois local governmental entity is one year. *Carpenter*, 948 F. Supp. at 763; 745 ILCS 10/8-101. Kramarski's claim for intentional infliction of emotional distress is based on the same discriminatory conduct as alleged in support of her discrimination claims. However, if, as both parties concede, the continuing violation doctrine may be applied to claims for intentional infliction of emotional distress, Kramarski cannot prevail for the same reason as stated above. Since Kramarski complained of discriminatory conduct at the latest in 1997, she had

reasonable basis to bring her claims before April 2000. Therefore, her intentional emotional distress claim must be confined to conduct that took place after April 25, 1999.

### Failure to State a Claim

Defendants also seek to dismiss Kramarski's intentional infliction of emotional distress claim in its entirety on the grounds that Kramarski fails to sufficiently state a claim. In order to state a claim of intentional infliction of emotional distress, the plaintiff must allege, among other things, "extreme and outrageous" conduct. *Doe v. Calumet City*, 641 N.E.2d 498, 506 (Ill. 1994). Defendants contend that Kramarski has not alleged any conduct that meets the "extreme and outrageous" threshold. But Kramarski's Complaint alleges discriminatory and retaliatory conduct, including allegations that her fellow officers and supervisors interfered with her radio transmissions and refused to provide prompt and adequate back up in dangerous situations on the field. (*See* Cplt. ¶¶ 21-26). While discovery may ultimately reveal that some of her allegations are time-barred, at this point, the Court cannot agree that if such allegations were proved, they may not amount to "extreme and outrageous" conduct. The defendants themselves concede that discriminatory actions, coupled with retaliation, could amount to intentional infliction of emotional distress. (*See* Reply at 10, *citing Class v. New Jersey Life Ins.*

*Co.*, 746 F. Supp. 776, 778 (N.D. Ill. 1990)). Accordingly, the claim cannot be dismissed in its entirety.

On the other hand, Kramarski's claim for retaliatory discharge against Chief McCarthy must be dismissed pursuant to *Buckner v. Atlantic Plant Maintenance, Inc.*, 694 N.E.2d 565, 571 (Ill. 1998). Without equivocation, the Supreme Court of Illinois held that "the only proper defendant in a retaliatory discharge action is the plaintiff's former employer." *Id.; see also, Jones v. Sabis Educational Systems, Inc.*, 52 F. Supp. 2d 868, 882 (N.D. Ill. 1999). Accordingly, Chief McCarthy is dismissed as to Count VIII.

### Disqualification of Defendants' Counsel

Finally, Kramarski seeks disqualification of defendants' attorneys and their law firm on grounds that continued representation would violate the advocate-witness rule and the Local Rules of Professional Conduct. The Court cannot agree.

The Court adheres to the familiar maxim that disqualification is a "drastic measure that courts should impose only when absolutely necessary." *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993). Therefore, the burden is squarely placed on the moving party to demonstrate facts warranting disqualification.

Local Rule 83.53.7 provides that generally, a lawyer shall not act as an advocate in a trial or evidentiary proceeding if the lawyer knows or reasonably should know that he may be called as a witness on behalf of the client, or on behalf of a party other than

the client when the testimony may be prejudicial to the client. Here, Kramarski contends that because attorney Richard Wimmer took part in her allegedly retaliatory interrogation in January 1999 regarding her work absences and attorney Thomas Melody conducted the pre-litigation investigation of Kramarski's discrimination charges, they have made themselves witnesses to this proceeding and that they and their law firm, Klein, Thorpe and Jenkins, Ltd., should be disqualified in accordance with the Local Rules of Professional Conduct.

First of all, Kramarski offers no grounds for disqualifying defense counsels' entire law firm. The Local Rules explicitly provide that, except under certain narrow circumstances, another lawyer in a disqualified lawyer's firm may continue to act as an advocate in a matter. Therefore, the motion to disqualify as to the law firm of Klein, Thorpe and Jenkins is denied.

Second, Kramarski cannot convince this Court on the record before it that this case falls within the provisions of L.R. 83.53.7. The defendants assure the Court that they will not call Wimmer or Melody as witnesses on their behalf. Therefore, in order to trigger the Rule, Kramarski must demonstrate that the attorneys knew or should have known that they would be called as witnesses on behalf of Kramarski *and* that their testimony would be prejudicial to the Village of Orland Park and Chief McCarthy. But Kramarski has failed to demonstrate how any testimony by Wimmer and

Melody would be so prejudicial. See *Weeks v. Samsung heavy Indus. Co., Ltd.*, 909 F. Supp. 582, 583 (N.D. Ill. 1996). At this stage of the litigation, the Court is reluctant to disqualify defense counsel. The record, as even the plaintiff concedes, is meager and the Court cannot determine whether and which of Ms. Kramarski's claims will continue to be valid, given the Court's ruling above on the statute of limitations, and whether counsels' testimony would even be necessary, let alone prejudicial to any party. Accordingly, the motion to disqualify counsel is denied without prejudice.

## CONCLUSION

For the reasons stated herein, the Court orders the following:

1. Defendants' motion to dismiss is granted in part and denied in part; and

2. Plaintiff's motion to disqualify defendants' attorneys is denied without prejudice.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: July 17, 2000